UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 10 2023

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

**LINDSAY NIEMEYER**                                                                 PLAINTIFF

VS.                        Civil Action No. 4:23cv187-BRW

This case assigned to District Judge Wilson
and to Magistrate Judge Volpe

**SCBP LAKEWOOD ASSOCIATES, L.L.C.
d/b/a ICON LAKEWOOD APARTMENTS, a
Foreign Corporation, and BROOKSIDE
PROPERTIES, INC., a Foreign Corporation**                    **DEFENDANTS**

## COMPLAINT

Comes now the Plaintiff, Lindsay Niemeyer, by and through her attorney, Hugh E. Crisp, Crisp Law Firm, for her Complaint against the Defendants SCBP Lakewood Associates, L.L.C. d/b/a Icon Lakewood Apartments and Brookside Properties, Inc. herein alleges, and states as follows:

### JURISDICTION AND VENUE

1.  At all times pertinent to this cause of action, Plaintiff Lindsay Niemeyer (hereinafter referred to as "Mrs. Niemeyer") was a resident of North Little Rock, Pulaski County, Arkansas, and resided at 2400 McCain Blvd., Apartment 1070, North Little Rock, Arkansas 72116.

2.  At all times pertinent to this cause of action, Defendant SCBP Lakewood Associates, L.L.C. d/b/a Icon Lakewood Apartments (hereinafter referred to as "Defendant SCBP") was a for-profit foreign corporation organized under the laws of the State of Delaware, with its principal address being 22 Hilltop Road, Philadelphia

Pennsylvania 19118. Defendant SCBP owned, operated, and managed ICON Lakewood Apartments at 2400 McCain Blvd, Little Rock, Arkansas 72116, including apartment number 1070 which was rented by Mrs. Niemeyer and Rich Niemeyer, her husband, at all times pertinent to this cause of action. The registered agent for service for Defendant SCBP is Registered Agents Solutions, Inc., whose address for service of process is 4250 N. Venetian Lane, Fayetteville, Arkansas, 72703.

3. At all times pertinent to this cause of action, Defendant Brookside Properties, Inc. (hereinafter referred to as "Defendant Brookside") was a for-profit foreign corporation organized under the laws of the State of Tennessee, with its principal address being 2002 Richard Jones Road, Suite C200, Nashville, Tennessee 37215. Defendant Brookside owned, operated, and managed ICON Lakewood Apartments at 2400 McCain Blvd, Little Rock, Arkansas 72116, including apartment number 1070, which was rented by Mrs. Niemeyer and Rich Niemeyer at all times pertinent to this cause of action. The registered agent for service for Defendant Brookside is National Registered Agents, Inc., whose address for service of process is 300 Montvue Road, Knoxville, Tennessee 37919.

4. Any and all acts and omissions of employees of Defendant SCBP and Defendant Brookside alleged herein are imputed to these Defendants.

5. This Court has jurisdiction over the parties pursuant to 28 U.S.C. § 1332 (diversity of citizenship), as the Plaintiff is a citizen of Arkansas and each of the Defendants is a citizen of a foreign state, and the amount in controversy is greater than $75,000. Venue is appropriate pursuant to 28 U.S.C. § 1391(b)(2) as this is the judicial district where the events or omissions giving rise to this claim for money damages for the injury occurred.

## STATEMENT OF FACTS

6. On the morning of Saturday, February 5, 2022, at approximately 6:30 a.m., Mrs. Niemeyer was leaving her apartment to go to work as a dental assistant when she encountered snow and ice on the steps outside of her apartment and along the walkway that had been accumulating for at least 24-hours prior. She was trying to get down the exterior stairs from the second story of her apartment, with assistance from her husband, when she fell on the snow and ice as she stepped onto the sidewalk from the stairs. The fall fractured her left humerus resulting in the need for surgical repair.

Management personnel of Defendant SBCP and Defendant Brookside, as well as its employees working at the ICON Lakewood Apartments, were well aware of the weather conditions starting on February 4, 2022, and the accumulation of ice and snow on all stairs and walkways, yet took no efforts to put out salt or remove the ice and snow from the stairs and sidewalks while knowing their residents would have to enter and exit their apartments on the stairs and walkways at all times of the day and night. Defendant SBCP's and Defendant Brookside's personnel made a conscious decision not to spend the money for labor and purchase salt and place the salt on the stairs and sidewalks or remove the ice and snow from these areas. Defendants SBCP and Defendant Brookside informed management and their employees working at the ICON Lakewood Apartment complex to not salt or remove the snow and ice from the stairs and sidewalks, as snow and ice were considered "Acts of God" and, as such, it would be best to leave the snow and ice on the stairs and sidewalks and then claim that they would not be liable if someone fell or was injured by relying on the contention that snow and ice is an "Act of God." Further, the management personnel and employees working at the ICON Lakewood

Apartment complex were not allowed by Defendant SCBP and Defendant Brookside to spend money and time to remove the ice and snow and salt the stairs and sidewalks where Mrs. Niemeyer fell.

## ALLEGATIONS OF NEGLIGENCE

7.  The negligent acts and omissions of the employees of Defendant SCBP and Defendant Brookside referred to herein were a proximate cause of the injuries and damages sustained by Mrs. Niemeyer. At all times pertinent to this cause of action, all employees of Defendant SCBP and Defendant Brookside, while working at the ICON Lakewood Apartments, were acting within the course and scope of their employment with Defendant SCBP and Defendant Brookside and that said negligence of these employees is imputed to these Defendants. Said acts of negligence are as follows:

(a) Failing to use ordinary care to maintain the exterior stairs and sidewalks of the apartment complex in a reasonably safe condition by failing to salt and remove the ice and snow on the stairs and sidewalks for their residents, including Mrs. Niemeyer, as the employees of Defendant SCBP and Defendant Brookside knew those hazardous conditions existed on the stairs and sidewalks for an unreasonable amount of time before Mrs. Niemeyer's fall;

(b) Failing to adhere to these Defendants' policies and procedures regarding safety and cleaning up hazardous conditions on stairs and sidewalks from ice and snow to prevent injury to residents of the apartment complex, including Mrs. Neimeyer;

(c) Failing to properly train, instruct and supervise its employees regarding safety and cleanup of hazardous conditions, like snow and ice on the stairs and sidewalks; and

(d) Defendant SCBP and Defendant Brookside knew, or should have known, in the light of the surrounding circumstances, that their conduct would naturally and probably result in injury to its residents, including Mrs. Niemeyer, and continued this willful and wanton conduct in reckless disregard of the consequences, from which malice may be inferred.

## DAMAGES

8. At all times pertinent to this cause, Mrs. Niemeyer was free from fault and did not do anything to cause or contribute to the cause of her injuries and damages as alleged herein.

9. As a proximate result of the negligence of the employees of Defendant SCBP and Defendant Brookside while acting within the course and scope of their employment for said Defendants at all times pertinent to this cause of action while working at the ICON Lakewood Apartment complex, Mrs. Niemeyer sustained serious injuries and is entitled to recover from Defendant SCBP and Defendant Brookside the following elements of damages:

(a) Conscious pain and suffering and mental anguish suffered in the past and reasonably expected to be suffered in the future;

(b) Scarring, disfigurement, and visible results of her injuries;

    (c)    Medical expenses incurred in the past and medical expenses to be incurred in the future;

    (d)    Past wage loss and the loss of decreased earning capacity in the future;

    (e)    The nature, extent, duration, and permanency of her injuries; and

    (f)    Punitive damages.

**WHEREFORE**, Plaintiff, Lindsey Niemeyer, prays for judgment for compensatory and punitive damages against Defendant SCBP Lakewood Associates, L.L.C. d/b/a ICON Lakewood Apartments and Defendant Brookside Properties, Inc. in an amount in excess of all minimum jurisdictional amounts for Federal Court jurisdiction in diversity of citizenship cases and for her costs and for all other relief to which she may be entitled whether specifically prayed for herein or not.

## DEMAND FOR JURY TRIAL

The Plaintiff respectfully demands a trial by jury on all issues pursuant to FED. R. CIV. P. 38.

Respectfully submitted,

*/s/ Hugh E. Crisp*

Hugh E. Crisp, (86046)
**CRISP LAW FIRM**
Hugh E. Crisp, PLLC
221 W. 2nd Street, Suite 8G
Little Rock, Arkansas 72201
(501) 376-6264 phone
(501) 376-1589 facsimile
hecrisp@crisplawfirm.com

ATTORNEY FOR THE PLAINTIFF